# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |
|---|---|
| DANNY ANTONIO PASTRANA, | ) |
| Plaintiff, | ) No. 25-687 |
| v. | ) Filed: November 6, 2025 |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Danny Antonio Pastrana, proceeding pro se, filed suit against the United States Department of Housing and Urban Development ("HUD"), Judge Brian Jerome Welke of Florida's Fifth Judicial Circuit, Carrington Mortgage Services, LLC ("Carrington"), and one of Carrington's attorneys, raising an array of claims that revolve around the foreclosure of Plaintiff's home and HUD's subsequent acquisition of the property. Before the Court is the Government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons stated below, the Court **GRANTS** the Government's motion.

### I. BACKGROUND

On April 21, 2025, Plaintiff filed a complaint in this Court. Pl.'s Compl., ECF No. 1. In addition to the United States, Plaintiff names three Defendants: Circuit Judge Brian Jerome Welke, the Florida state court judge who presided over Plaintiff's foreclosure proceedings; Carrington, the company that foreclosed on Plaintiff's property; and the attorney who defended Carrington in a

separate lawsuit Plaintiff filed in federal district court.  Civil Cover Sheet, ECF No. 1-1; ECF No. 1 at 1.

Plaintiff's allegations stem from Florida state court proceedings concerning the foreclosure of his property located in Howey-in-the-Hills, Florida.  *See* ECF No. 1 at 2–3.  According to Plaintiff, the foreclosure process was tainted by fraudulent financial practices and a conspiracy by Defendants to unlawfully deprive Plaintiff of his property.  *Id.* at 3.  After the Florida state court approved Carrington's foreclosure of Plaintiff's property, Carrington transferred title to HUD.  *Id.*  Plaintiff did not appeal the state court foreclosure judgment.  *See* Gov't's Mot. to Dismiss at 1–2, ECF No. 11.  Instead, Plaintiff filed suit against Carrington in the United States District Court for the Middle District of Florida, alleging that Carrington's foreclosure action was unlawful.  *See id.* at 7–8.  The district court dismissed the case on jurisdictional grounds.  *See id.* at 12.

Plaintiff's Complaint in this Court sets forth five claims.  First, Plaintiff argues that HUD violated the Fifth Amendment Takings Clause by acquiring his property "through a foreclosure process tainted by fraud, lack of standing, and violations of due process."  ECF No. 1 at 3.  Second, Plaintiff alleges violations of 42 U.S.C. § 1983 against Judge Welke and Carrington's attorney, claiming they deprived Plaintiff of his "constitutionally protected property rights" by dismissing his motions and evidence "without hearing, explanation, or due process."  *Id.*  Third, Plaintiff alleges that Defendants acted in coordination "to unlawfully deprive Plaintiff of his home, in violation of civil rights statutes."  *Id.* (citing 18 U.S.C. §§ 241, 242).  Fourth, Plaintiff argues that HUD's purchase of his home from Carrington "constitutes unauthorized acquisition of private property" that "exposes the federal government to liability."  *Id.*  Finally, Plaintiff alleges that Carrington engaged in fraudulent financial practices when foreclosing on Plaintiff's property.  *Id.*

In his request for relief, Plaintiff asks the Court to: (1) award him $100,000,000 as just compensation for the taking of his property; (2) declare that the named Defendants violated his constitutional rights; (3) order HUD to return his property and enjoin HUD from selling, transferring, or encumbering his property; and (4) order a full forensic audit. *Id.* at 3–4. He also requests costs, legal expenses, and "sanctions against parties who committed fraud upon the court," in addition to any other just and proper relief. *Id.* at 4.

On July 25, 2025, the Government moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and for failure to state a claim. *See* ECF No. 11. According to the Government, Plaintiff's lawsuit improperly attempts to relitigate the Florida state court foreclosure proceeding and fails to allege a cognizable takings claim. *See id.* at 2–3. The motion is fully briefed and ready for decision. *See* Pl.'s Resp. to Gov't's Mot. to Dismiss, ECF No. 12; Gov't's Reply, ECF No. 16; Pl.'s Surreply, ECF No. 18.

## II. LEGAL STANDARDS

### A. Dismissal for Lack of Jurisdiction

The United States Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). Before the Court can reach the merits of a plaintiff's claim, it must first assure itself of the existence of subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). If the court lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(h)(3); *see also* RCFC 12(b)(1). The Court's power to hear a case "may be challenged at any time by the parties or by the court." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)). While the Court holds pro se plaintiffs to a less stringent standard than plaintiffs with attorney representation, pro se plaintiffs still bear the burden of

establishing the Court's jurisdiction. *See Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the Court must accept facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

The Tucker Act grants this Court jurisdiction to hear claims against the United States based on the Constitution, an Act of Congress, a regulation of the Executive Branch, or an express or implied-in-fact contract with the United States. 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must identify a separate source of law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (quoting *Testan*, 424 U.S. at 400). Thus, this Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

The Court specifically lacks jurisdiction over claims against state government entities and officials, *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014), as well as private entities and individuals, *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Such claims do not fall within the Tucker Act and accordingly may not be heard in the Court of Federal Claims.

**B.     Dismissal for Failure to State a Claim**

The Court may also dismiss a complaint if it fails to state a claim upon which relief can be granted. *See* RCFC 12(b)(6). To survive dismissal under Rule 12(b)(6), "a complaint must allege facts 'plausibly suggesting' . . . a showing of entitlement to relief." *Acceptance Ins. Cos., Inc. v.*

*United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Acceptance Ins.*, 583 F.3d at 853 (quoting *Twombly*, 550 U.S. at 555). In making its decision, the Court may consider the complaint itself, exhibits attached to the complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Todd Constr., L.P. v. United States*, 94 Fed. Cl. 100, 114 (2010) (quoting *Tellabs, Inc. v. Makor Issues & Rts. Ltd.*, 551 U.S. 308, 322 (2007)), *aff'd*, 656 F.3d 1306 (Fed. Cir. 2011).

## III. DISCUSSION

The Court must grant the Government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). Plaintiff's suit names private and state actors and raises allegations that do not invoke money-mandating sources of law. This Court lacks jurisdiction to hear such claims. Although the Court is empowered to hear claims under the Takings Clause of the Fifth Amendment, the Court must dismiss Plaintiff's takings claim for failure to state a claim upon which relief can be granted.

### A. The Court Has No Jurisdiction Over Claims Against State Defendants.

The Court lacks jurisdiction over Plaintiff's claims directed at Judge Welke, a judicial officer of the State of Florida. ECF No. 1 at 1; ECF No. 1-1 at 2. In this Court, "the *only* proper defendant for any matter before [it] is the United States." *Stephenson v. United States*, 58 Fed. Cl.

186, 190 (2003) (emphasis in original) (citing *Sherwood*, 312 U.S. at 588). The Court has no jurisdiction over claims against "states, localities, state and local government officials, [or] state courts." *Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014). As Judge Welke is a state official, all claims directed at Judge Welke are dismissed for lack of jurisdiction.

    **B.    The Court Has No Jurisdiction Over Claims Against Private Individuals or Entities.**

Plaintiff also raises claims against Carrington, a private business, and its attorney. ECF No. 1 at 1; ECF No. 1-1 at 2. As discussed, this Court's jurisdiction is confined to suits brought against the federal government. *See Stephenson*, 58 Fed. Cl. at 190. Accordingly, any claims against private individuals must "be ignored as beyond the jurisdiction of the Court." *Sherwood*, 312 U.S. at 588. Because Carrington and its attorney are both private actors, this Court has no jurisdiction to hear Plaintiff's claims against these parties.

    **C.    The Court Has No Jurisdiction to Review State Court Judgments.**

Similarly, the Court "lacks authority to review a state court's judgments" or "remedy injuries that are caused by a state court's order." *Potter v. United States*, 108 Fed. Cl. 544, 548 (2013); *see also Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017) (holding that the Court of Federal Claims is "powerless" to review a state court's order). Plaintiff's Surreply seemingly walks back his earlier objections to the state foreclosure judgment. *Compare* ECF No. 1 at 4 (demanding that the Court recognize Plaintiff's "superior claim of ownership" to the foreclosed-upon property) *with* ECF No. 18 at 2 ("This is not a collateral attack on the state court foreclosure judgment."). But to the extent Plaintiff continues to challenge the state court's foreclosure judgment, the Court must dismiss for lack of jurisdiction.

### D.  Plaintiff Fails to Allege a Cognizable Takings Claim Against the United States.

Plaintiff argues that his property "was unlawfully transferred to HUD through a foreclosure process tainted by fraud, lack of standing, and violations of due process."  ECF No. 1 at 3.  According to Plaintiff, this effected a "federally ratified taking of private property via foreclosure fraud."  ECF No. 12 at 1; *see also* ECF No. 18 at 3–4.

Under the Fifth Amendment, the United States may not take private property for public use without just compensation.  U.S. Const. amend. V.  Because the Fifth Amendment requires payment of compensation by the United States, it is money-mandating for purposes of Tucker Act jurisdiction.  *See Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005).  Accordingly, this Court has jurisdiction to hear Plaintiff's takings claim.  Nevertheless, the Court must dismiss under Rule 12(b)(6) for failure to state a claim.

Takings claims are analyzed using a two-step process.  First, the Court must determine "whether the plaintiff possesses a valid interest in the property affected by the governmental action, i.e., whether the plaintiff possessed a 'stick in the bundle of property rights.'"  *Karuk Tribe of California v. Ammon*, 209 F.3d 1366, 1374 (Fed. Cir. 2000).  If so, the Court then asks "whether the governmental action at issue constituted a taking of that 'stick.'"  *Id.* (citing *M & J Coal Co. v. United States*, 47 F.3d 1148, 1154 (Fed. Cir. 1995)).  The second inquiry is highly fact-dependent and relies on a variety of considerations, including the character of the government action, its economic impact, and the extent to which the government has interfered with investment-backed expectations.  *See Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978).

Throughout his filings, Plaintiff emphasizes the alleged illegality of the state foreclosure process.  *See, e.g.*, ECF No. 1 at 3 ("This property . . . was unlawfully transferred to HUD through

a foreclosure process tainted by fraud, lack of standing, and violations of due process."); ECF No. 12 at 2 (alleging that HUD "accepted defective title with full or constructive knowledge of the constitutional violations and procedural defects"); ECF No. 18 at 5 ("The takings claim . . . arises only because the United States accepted and recorded the deed without due diligence, compensation, or lawful process."). As the Federal Circuit has explained, however, "a takings claim is separate from a challenge to the lawfulness of the government's conduct." *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1330 (Fed. Cir. 2006). "[I]n a takings case [the court] assume[s] that the underlying governmental action was lawful, and [it] decide[s] only whether the governmental action in question constituted a taking for which compensation must be paid." *Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352 (Fed. Cir. 2001). Any "complaints about the wrongfulness of the [government action] are therefore not properly presented in the context of [a] takings claim." *Id.*; *see also Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802–03 (Fed. Cir. 1993) (a valid takings claim "must concede the validity of the government action which is the basis of the taking claim"). As Plaintiff's claim appears to depend on the alleged fraudulence of the Government's actions, Plaintiff fails to state a cognizable takings claim.

Even if the Court sets aside Plaintiff's improper challenge to the lawfulness of the underlying government action, it remains clear that no taking occurred. Once the foreclosure was finalized, Plaintiff had no remaining property interest in his home. HUD could not effect a taking of Plaintiff's property by purchasing title from Carrington because, simply put, Plaintiff had no property for HUD to take. *See Karuk Tribe of California*, 209 F.3d at 1374.

Plaintiff also does not sufficiently allege that HUD "ratified" an unlawful taking by state or private actors. ECF No. 12 at 1. In the Complaint, Plaintiff fails to allege any facts demonstrating that HUD was involved in or otherwise directed the foreclosure process. Although

courts have found cognizable takings claims where the federal government did not directly take the property at issue, these cases involved parties acting at the direction of the federal government. For example, in *Hendler v. United States*, the court found the federal government liable even though the state government was the entity that took the plaintiff's property because the federal government authorized the state government to effect the taking. *See* 36 Fed. Cl. 574, 582 (1996), *as amended on recons.* (Nov. 26, 1996), *aff'd*, 175 F.3d 1374 (Fed. Cir. 1999). Similarly, in *Preseault v. United States*, a compensable Fifth Amendment taking occurred where the local government took the plaintiff's property because the local government was "acting under the Federal Government's authority pursuant to [its] Order." 100 F.3d 1525, 1551 (Fed. Cir. 1996). Here, by contrast, Plaintiff does not allege any plausible facts showing that HUD ordered or in any way directed the foreclosure of Plaintiff's property. Instead, Plaintiff's Complaint indicates that Carrington independently foreclosed on Plaintiff's property and then transferred title to HUD. *See* ECF No. 1 at 2–3. By failing to provide sufficient allegations that the federal government participated in or directed the conduct constituting the basis of Plaintiff's Fifth Amendment takings claim, Plaintiff fails to state a claim upon which relief can be granted.

A further obstacle mandates dismissal of Plaintiff's takings claim: he alleges no public use toward which his former property is being used. Absent evidence of a public use, this Court cannot rule in favor of Plaintiff's takings claim. *See AmeriSource Corp. v. United States*, 525 F.3d 1149, 1152 (Fed. Cir. 2008) ("The [Takings Clause] does not entitle all aggrieved owners to recompense, only those whose property has been 'taken for a public use.'" (quoting U.S. Const. amend. V)); *Vasko v. United States*, 112 Fed. Cl. 204, 221–22 (2013) ("Without even alleging, much less establishing, a public use, plaintiff cannot establish a takings claim under the Fifth Amendment."). Accordingly, Plaintiff's takings claim must be dismissed for failure to state a claim.

### E. Plaintiff's Remaining Claims Do Not Identify Any Money-Mandating Source of Law.

To the extent Plaintiff's Complaint can be liberally construed to assert additional claims against the United States, rather than state or private actors, *see supra* Sections III.A–B, Plaintiff fails to identify any money-mandating source of law to establish jurisdiction under the Tucker Act.

In the Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242. These sources of law are not money-mandating and thus fall outside the Tucker Act's grant of jurisdiction. *See Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (finding that this Court lacks jurisdiction over § 1983 claims); *Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017) (determining that § 242 does not mandate money damages); *Jones v. United States*, 655 F. App'x 839, 840–41 (Fed. Cir. 2016) (affirming dismissal of a claim based on § 241 due to lack of subject-matter jurisdiction). Therefore, even liberally construing Plaintiff's Complaint as asserting such claims against the federal government, the Court still lacks jurisdiction.

### IV. CONCLUSION

For these reasons, the Government's Motion to Dismiss (ECF No. 11) is **GRANTED** under RCFC 12(b)(1) for lack of subject-matter jurisdiction and RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.

Dated: November 6, 2025      */s/ Kathryn C. Davis*
                             KATHRYN C. DAVIS
                             Judge