IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| DANNY ANTONIO PASTRANA, | ) ) ) | |
| Plaintiff, | ) ) | No. 25-687 |
| v. | ) ) | Filed: January 29, 2026 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Danny Antonio Pastrana, proceeding pro se, seeks relief from the Court's judgment dismissing his case for lack of subject-matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Liberally construing his motion, Plaintiff seeks relief from judgment pursuant to RCFC 60, as well as reconsideration under RCFC 59. In support of his motion, Plaintiff reiterates his original arguments regarding the validity of the underlying state foreclosure proceedings challenged in the Complaint while further accusing the Government of misconduct related to this litigation. For the reasons stated below, the Court **DENIES** Plaintiff's motion.

I. **BACKGROUND**

This opinion assumes the reader's familiarity with the factual and procedural background of this case as detailed in the Court's November 6, 2025 Opinion and Order granting the Government's Motion to Dismiss. *See* Mem. Op. & Order, ECF No. 19. There, the Court dismissed Plaintiff's claim for lack of subject-matter jurisdiction and failure to state a claim, holding that Plaintiff improperly named state and private actors as defendants, challenged a state

court's foreclosure judgment, raised claims that did not invoke money-mandating sources of law, and failed to present sufficient allegations to state a valid takings claim. *Id.* at 5–10.

On November 25, 2025, Plaintiff filed a Verified Emergency Motion to Reopen Case, Vacate Judgment, Restore Title, Order Disclosure of Financial Instruments, and Demand Full Restitution. ECF No. 21. In this motion, Plaintiff asks the Court to reopen his case, vacate its prior dismissal, and order full restoration of title and restitution for the alleged taking of his property. *Id.* at 1. Plaintiff also raises several other requests for relief that go toward the merits of his claim. *Id.* at 9–10 (requesting, *inter alia*, that the Court "[d]eclare the foreclosure VOID ab initio," "[o]rder [the Department of Housing and Urban Development ("HUD")] to vacate any claim to the property," and "[o]rder full disclosure of all bonds, securities, CUSIP, and monetized instruments").

As bases for relief, Plaintiff invokes RCFC 60(b)(1), (3), (4), and (6), as well as RCFC 60(d)(3). *Id.* at 2. Plaintiff emphasizes RCFC 60(b)(4) in particular, arguing that the judgment is "void" because (1) "the court lacked jurisdiction," (2) "due process was violated," (3) "fraud was used," (4) "the wrong party was sued," and (5) "evidence was ignored." *Id.* at 6 (capitalization removed). Plaintiff does not specify the judgment to which this argument refers—*i.e.*, whether it is the judgment of dismissal in this Court or the foreclosure judgment in state court. But because Plaintiff repeatedly avers that this Court *has* jurisdiction over his claims, *see, e.g.*, *id.* at 5 ("This Court has jurisdiction—HUD holds the property." (capitalization removed)), the void-judgment argument presumably refers to the state court proceedings, *see id.* at 9 (requesting that this Court "[d]eclare the foreclosure void ab initio" (capitalization removed)). Plaintiff also makes numerous accusations of fraud, which can be a basis for vacatur under RCFC 60(b)(3) and (d)(3). *See, e.g.*, *id.* at 2 (claiming Plaintiff's "motion is brought pursuant to . . . common law fraud" (capitalization

2

removed)).  The specific accusations of fraud noted by Plaintiff, however, largely relate to the foreclosure of his property rather than the litigation of his claim in this Court.  *See, e.g.*, *id.* at 4–5 (claiming HUD "[r]atified state-level fraud"); *id.* at 5 (alleging an "eviction" that was "conducted by force and fraud" (capitalization removed)).  Presumably to support his motion for vacatur under RCFC 60(b)(3), Plaintiff further accuses the Government of various errors and misconduct associated with the litigation of this case.  *See id.* at 2, 8 (arguing that the Government failed to answer Plaintiff's brief, missed deadlines, filed repetitive motions, ignored discovery, failed to rebut Plaintiff's evidence, avoided addressing the legality of the foreclosure, and improperly denied that this Court has jurisdiction).  The remaining arguments mainly reiterate Plaintiff's claim that the underlying foreclosure was improper and thus HUD's acquisition of the property constituted a taking in violation of the Fifth Amendment.  *See, e.g.*, *id.* at 6 ("HUD holding title = federal taking = jurisdiction."); *id.* at 7 (stating that the mortgagee "had no lawful claim" and thus the foreclosure could not "legally proceed").

The Government filed its response to Plaintiff's motion on December 9, 2025.  *See* Gov't's Opp'n to Pl.'s Mot. to Vacate, ECF No. 22.  According to the Government, Plaintiff fails to "establish[] that he is entitled to relief from judgment under *any* of the grounds for relief set forth in RCFC 60(b)," *id.* at 3 (emphasis in original), and merely seeks to retry his case despite being offered a full and fair opportunity to establish this Court's jurisdiction, *id.* at 6.  The Government further emphasizes that Plaintiff's motion consistently lacks the requisite evidentiary support to establish a request for vacatur or reconsideration.  *See, e.g.*, *id.* at 4 ("Mr. Pastrana points to no extraordinary circumstances that would justify granting relief from the Court's judgment in this case."); *id.* at 6 ("Mr. Pastrana has not established—or even attempted to establish—'fraud on the court' through any evidence, much less clear and convincing evidence.").

Plaintiff filed his reply on December 19, 2025, again arguing that the Court's previous judgment should be vacated and making allegations of fraud in the state court proceedings. *See* Pl.'s Verified Rebuttal in Opp'n to Gov't's Resp. to Pl.'s Emergency Mot. to Vacate Final J., ECF No. 23. The motion is now fully briefed and ready for decision.

## II.  LEGAL STANDARDS

### A.  Jurisdiction of the Court of Federal Claims

The Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). Pursuant to the Tucker Act, the Court's jurisdiction extends over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, to establish jurisdiction, a plaintiff must identify a separate source of law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (quoting *Testan*, 424 U.S. at 400).

### B.  Standard of Review for RCFC 60 Motion for Relief from Judgment

Pursuant to RCFC 60(b), a party may ask the Court for relief from a final judgment for reasons including: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; . . . or (6) any other reason that justifies relief." RCFC 60(b). A Rule 60(b) "motion for relief is . . . 'entrusted to the discretion of the [c]ourt'" and "may be granted only in extraordinary circumstances." *Wagstaff v. United States*, 118 Fed. Cl. 172, 175 (2014)

4

(alteration in original) (quoting *TDM Am., LLC v. United States*, 100 Fed. Cl. 485, 490 (2011)), *aff'd*, 595 F. App'x 975 (Fed. Cir. 2014).  To obtain relief, the movant "must provide a sufficient 'reason to believe that vacating the judgment will not be an empty exercise or a futile gesture.'" *Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019) (quoting *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995)).

Under RCFC 60(b)(1), a court may set aside its judgment if justified by "mistake, inadvertence, surprise, or excusable neglect." RCFC 60(b)(1).  When considering a motion under RCFC 60(b)(1), a court should balance three factors: "(1) whether the movant has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct." *Orient Overseas Container Line (UK) Ltd. v. United States*, 52 Fed. Cl. 805, 807 (2002) (citing RCFC 60(b)(1); *Stelco Holding Co. v. United States*, 44 Fed. Cl. 703, 708–09 (1999); *Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 795–96 (Fed. Cir. 1993)).  The first factor is particularly important, as it seeks to ensure that court action is not futile. *Id.* at 810.

When seeking vacatur under RCFC 60(b)(3), the plaintiff "must demonstrate fraud, misrepresentation, or misconduct by clear and convincing evidence." *Wagstaff*, 118 Fed. Cl. at 176 (quoting *Madison Servs., Inc. v. United States*, 94 Fed. Cl. 501, 507 (2010)).  Accordingly, "unsubstantiated innuendo and uncorroborated inferences" are not enough. *Madison Servs.*, 94 Fed. Cl. at 507.  In addition, the fraud, misrepresentation, or misconduct must have "prevented the movant from receiving a fair hearing or trial." *Griffin v. United States*, 96 Fed. Cl. 1, 9 (2010) (quoting *Madison Servs.*, 94 Fed. Cl. at 507).

Pursuant to RCFC 60(b)(4), a court may grant relief from judgment on the basis that "the judgement is void." RCFC 60(b)(4).  RCFC 60(b)(4), however, must be "narrowly construed" to

ensure the finality of judgments. *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 540–41 (2011) (quoting 12 *Moore's Federal Practice* ¶ 60.44[1][a] (3d ed. 2011)), *aff'd*, 485 F. App'x 435 (Fed. Cir. 2012). It is thus not enough that a judgment be "technically defective or erroneous." *Id.* Instead, a judgment is void "only in the rare instance where [it] is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).[1]

RCFC 60(b)(6) permits vacatur for "any other reason that justifies relief." RCFC 60(b)(6). RCFC 60(b)(6), however, "is available only in extraordinary circumstances," and even then, "only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002). To grant relief under RCFC 60(b)(6), "the court must find that a 'grave miscarriage of justice' would result if relief is denied." *Kennedy*, 99 Fed. Cl. at 540 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). When evaluating a Rule 60(b)(6) motion, "the court must balance 'the value of finality with the need for justice.'" *Wagstaff*, 118 Fed. Cl. at 176 (quoting *Infiniti Info. Sols., LLC v. United States*, 93 Fed. Cl. 699, 704 (2010)).

Under RCFC 60(d)(3), a court is empowered to "set aside a judgment for fraud on the court." RCFC 60(d)(3). To succeed on a motion under RCFC 60(d)(3), the plaintiff must not only demonstrate the existence of fraud, but also that the fraud was "so extensive it inhibited the ability of the court to function in its judicial capacity." *Arunachalam v. United States*, No. 16-358, 2021 WL 3673733, at *11 (Fed. Cl. Mar. 22, 2021). Thus, fraud on the court "is directed to the judicial

---

[1] Because RCFC 60(b) and Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP") are largely identical, this Court looks to case law on FRCP 60(b) to interpret RCFC 60(b). *Curtis v. United States*, 61 Fed. Cl. 511, 512 n.2 (2004) (citing *Info. Sys. & Networks*, 994 F.2d at 794–95 & 794 n.3).

machinery itself" rather than any "fraud between the parties or fraudulent documents, false statement or perjury." *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1550 (Fed. Cir. 1987) (quoting *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983)).  Relief under RCFC 60(d)(3) is "confined to the most egregious cases . . . in which the integrity of the court and its ability to function impartially is directly impinged." *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1085–86 (Fed. Cir. 1993) (quoting *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982), *cert. denied*, 459 U.S. 1128 (1983)).

    **C.**    **Standard of Review for RCFC 59 Motion for Reconsideration**

Under RCFC 59, a plaintiff may seek reconsideration of a court's judgment.  There are three grounds upon which a court may grant a motion for reconsideration: (1) "for any reason for which a new trial has heretofore been granted in an action at law in federal court," (2) "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court," or (3) "upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).  Accordingly, the United States Court of Appeals for the Federal Circuit has noted that a court may grant a Rule 59 motion "when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice."  *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court."  *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).  Such motions are "not intended . . . to give an unhappy litigant an additional chance to sway the court . . . [or to raise] an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed."  *Matthews v. United States*, 73 Fed. Cl. 524, 525–

7

26 (2006) (internal citations and quotation marks omitted). Instead, to grant relief, the moving party must make "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted).

### III. DISCUSSION

Plaintiff's motion does not present a valid basis on which to disturb the Court's judgment dismissing his case. As an initial matter, many of Plaintiff's arguments go to the merits of Plaintiff's underlying claim and are therefore inappropriate in this post-judgment procedural posture. *See Matthews*, 73 Fed. Cl. at 525–26; *Arunachalam*, 2021 WL 3673733, at *9. Plaintiff specifically cites RCFC 60(b)(1), (3), (4), (6) and 60(d)(3) as bases for vacatur, ECF No. 21 at 2, with a particular focus on RCFC 60(b)(4), contending that the judgment is "VOID," *id.* at 6. Plaintiff, however, fails to provide support for this conclusory assertion, and in any event, presents arguments that seem to be focused on the separate state court proceedings and thus do not state grounds for vacating the judgment issued by this Court. Plaintiff's other bases for vacatur (which appear to rely on Plaintiff's allegations of fraud and Government misconduct) fare no better, as they too lack support and in part are focused on the state court proceedings. Additionally, even if the Court liberally construes Plaintiff's motion as seeking reconsideration pursuant to RCFC 59, the Court again finds that he fails to establish entitlement to relief.

    **A.**     **Plaintiff Fails to Establish a Basis for Vacatur Under RCFC 60.**

Plaintiff cannot establish that vacatur is proper under RCFC 60(b)(1), (3), (4), (6) or RCFC 60(d)(3). The Court addresses each purported basis for vacating its judgment in turn.

First, though Plaintiff invokes RCFC 60(b)(1), he fails to identify any "mistake, inadvertence, surprise, or excusable neglect" that inhibited his ability to respond to the Government's dismissal motion. RCFC 60(b)(1). Even if Plaintiff could identify mistake,

inadvertence, surprise, or excusable neglect, vacating the Court's judgment would likely be unwarranted based on futility, given that the Court already determined that Plaintiff lacks a meritorious claim. *See Orient Overseas Container Line*, 52 Fed. Cl. at 10 (noting that it is important for a court to consider "whether the movant asserts a meritorious claim" to protect against futile relief).

Plaintiff does, however, appear to allege that the Court committed a mistake of law by dismissing his takings claim for lack of jurisdiction. ECF No. 21 at 2 ("This Court dismissed the action believing it lacked jurisdiction—but HUD is physically holding the property, which creates jurisdiction under the Tucker Act."); *see also Kemp v. United States*, 596 U.S. 528, 534 (2022) (noting that "mistake" under FRCP 60(b)(1) encompasses "a judge's mistakes of law"). Contrary to Plaintiff's argument, the Court dismissed Plaintiff's takings claim for failure to state a claim, not lack of subject-matter jurisdiction. The Court did so for several reasons: (1) Plaintiff seemed to argue that HUD's actions were unlawful, and only lawful government actions can give rise to takings claims; (2) Plaintiff had no property for HUD to take, as HUD acquired the property from a private company following the state court foreclosure judgment; (3) Plaintiff failed to allege sufficient facts demonstrating any federal involvement in the state foreclosure process that served as the basis for Plaintiff's takings claim; and (4) Plaintiff did not argue that his property was put to any public use. *See* ECF No. 19 at 7–9. Nowhere does Plaintiff's motion provide specific legal support demonstrating that these reasons for dismissal involved mistakes or law or were otherwise insufficient. Nor does Plaintiff allege any new facts that could further support his takings claim and correct the identified pleading deficiencies. Because Plaintiff fails to demonstrate that the Court erred in its application of the law, he cannot obtain relief under RCFC 60(b)(1).

RCFC 60(b)(3) is similarly unhelpful, as Plaintiff does not demonstrate that the

Government engaged in any fraud, misrepresentation, or misconduct over the course of the litigation in this Court.  Plaintiff makes many accusations of fraud, but all are centered around the state foreclosure process.  *See, e.g.*, ECF No. 21 at 4–5 (claiming HUD "[r]atified state-level fraud"); *id.* at 5 (alleging an "eviction" that was "conducted by force and fraud" (capitalization removed)); ECF No. 23 at 2 ("The assignment [of the foreclosed-upon property] to HUD was fraudulent . . . .").  The focus of RCFC 60(b)(3) is not on any alleged fraud that gave rise to the claims asserted in the litigation, but rather fraud that "prevented the movant from receiving a fair hearing or trial" during the litigation.  *Griffin*, 96 Fed. Cl. at 9 (quoting *Madison Servs.*, 94 Fed. Cl. at 507).  Thus, it is not sufficient for Plaintiff to allege that the underlying state court foreclosure judgment was fraudulent.  Instead, Plaintiff must present clear and convincing evidence that the Government engaged in fraud while defending against Plaintiff's claim in *this Court*.  *See Haddad v. United States*, No. 15-640C, 2015 WL 7730933, at *2 n.6 (Fed. Cl. Nov. 30, 2015) (stating that RCFC 60 "only applies to judgments issued by [the Court of Federal Claims]" and "does not extend our jurisdiction to reach matters decided in other courts" (citing *Carney v. United States*, 199 Ct. Cl. 160, 162–64 (1972))).  He has not done so.

In addition to his claims of fraud, Plaintiff also makes several allegations of misconduct on the part of the Government.  These include accusations that the Government "failed to answer Plaintiff's brief," missed deadlines, "filed repetitive motions to dismiss while refusing to address evidence," ignored discovery, failed to rebut Plaintiff's evidence, "avoided addressing HUD's fraudulent acquisition of defective title," and improperly denied that this Court has jurisdiction.  ECF No. 21 at 2, 8 (capitalization removed); *see also* ECF No. 23 at 1 (asking the Court to take judicial notice of the Government's "violations, misrepresentations, and attempts to ignore filed exhibits, IRS evidence, UCC filings, and trust documents"); *id.* at 2 (accusing the Government of

10

acting in "bad faith" because it purportedly failed to engage with Plaintiff's claims on the merits, refused to engage in discovery, and moved to dismiss Plaintiff's case). Most of these accusations are demonstratively incorrect, as the Government properly responded to all filings by Plaintiff and filed a single Motion to Dismiss, ECF No. 11, which this Court granted, thus obviating the need for discovery.[2] The others—failing to respond to Plaintiff's supposed evidence of fraud and incorrectly claiming that this Court lacks jurisdiction—merely evince Plaintiff's disagreement with the Court's dismissal rather than any misconduct on the part of the Government. Indeed, the Court finds no basis to conclude that any of the Government's conduct throughout the course of this litigation was improper. Accordingly, Plaintiff fails to prove fraud, misrepresentation, or misconduct by clear and convincing evidence, as is required for vacatur under RCFC 60(b)(3). *Wagstaff*, 118 Fed. Cl. at 176.

Plaintiff also fails to demonstrate that the Court's judgment falls into the narrow category of judgments that are void pursuant to RCFC 60(b)(4). According to Plaintiff, the unspecified prior judgment is void under RCFC 60(b)(4) because (1) "the court lacked jurisdiction," (2) "due process was violated," (3) "fraud was used," (4) "the wrong party was sued," and (5) "evidence was ignored." ECF No. 21 at 6 (capitalization removed). But Plaintiff fails to offer sufficient support for these conclusory accusations.

Indeed, Plaintiff's allegations appear to be focused on the underlying state court foreclosure judgment challenged in this litigation, rather than the dismissal judgment issued by this Court.

---

[2] To the extent Plaintiff takes issue with the Government not answering the Complaint, the Court's rules permit the Government to file a motion to dismiss a complaint prior to filing an answer. *See* RCFC 12(b) ("A motion asserting any of these [RCFC 12(b)] defenses must be made before pleading if a responsive pleading is allowed."). The rules further contemplate that discovery will not be initiated until after the Government files an answer. *See* RCFC App. A, §§ III.5, IV.8. Because the Court granted the Government's motion and dismissed the case, the Government was relieved of any obligation to file an answer or engage in discovery.

*See, e.g.*, *id.* at 3 ("Foreclosure against the wrong party was void."); *id.* at 7 ("A void foreclosure conveys no title.  A void deed conveys no title.  HUD holds VOID title."); *id.* at 9 (asking the Court to "[d]eclare the foreclosure VOID ab initio"); ECF No. 23 at 2 ("The assignment [of the property] to HUD was fraudulent, and any judgment based upon it is VOID for lack of standing and jurisdiction."); *id.* at 3–4 (arguing that the sale of the property was "fraudulent" when demanding that the Court "vacate void judgment and restore title" (capitalization removed)).  But even if the foreclosure was improper (an issue the Court jurisdictionally cannot reach, *see* ECF No. 19 at 6), that would not make relief under RCFC 60(b)(4) appropriate.  Vacatur under RCFC 60(b)(4) exclusively operates to remedy "jurisdictional error or [] a violation of due process that deprives a party of notice or the opportunity to be heard" in the case in which it files its vacatur request.  *United Student Aid Funds*, 559 U.S. at 271.  Put simply, the judgment that must be "void" is this Court's dismissal judgment, not the state court's foreclosure judgment.  *See Haddad*, 2015 WL 7730933, at *2 n.6.  The majority of Plaintiff's arguments are therefore misplaced.

As for Plaintiff's allegation that "due process was violated," ECF No. 21 at 6 (capitalization removed), this Court finds a lack of supporting evidence, as any specific accusations are directed at parties outside this litigation.  *Id.* at 5 (claiming due process violations arising out of Plaintiff's alleged eviction from his home).  Nor does Plaintiff argue that he was deprived of notice or the opportunity to be heard in the matter before this Court.  *United Student Aid Funds*, 559 U.S. at 271.  Accordingly, Plaintiff's due process arguments are unsupported.

Plaintiff's remaining claims—that "the court lacked jurisdiction," "fraud was used," "the wrong party was sued," and "evidence was ignored," ECF No. 21 at 6 (capitalization removed)—go either toward the merits of the Court's dismissal opinion or the foreclosure process itself, and thus do not present the concerns that form the basis for vacatur under RCFC 60(b)(4).  *See*

*Arunachalam*, 2021 WL 3673733, at *9 (finding that a plaintiff failed to establish entitlement to relief under RCFC 60(b)(4) where the plaintiff "continue[d] to state legal theories considered and denied in the Court's dismissal Order").

Nor does RCFC 60(b)(6) provide an apt basis for vacatur, as Plaintiff fails to demonstrate that any "extraordinary circumstances" justify relief. *Fiskars*, 279 F.3d at 1382. Though Plaintiff cites RCFC 60(b)(6), nowhere does he support such an invocation with an allegation of "extraordinary circumstances." Thus, Plaintiff has entirely failed to show that, absent relief, a "grave miscarriage of justice" would result. *Kennedy*, 99 Fed. Cl. at 540 (quoting *Beggerly*, 524 U.S. at 47). Plaintiff had the opportunity to litigate the foreclosure issue in state court, the resolution of which this Court is powerless to reverse. *See* ECF No. 19 at 2, 6. And in this litigation, the Court fully considered Plaintiff's briefing before finding that Plaintiff failed to state a viable takings claim. *See id.* at 7–9. Accordingly, Plaintiff cannot obtain relief under RCFC 60(b)(6).

Lastly, Plaintiff fails to demonstrate the existence of any "fraud on the court," RCFC 60(d)(3), that "inhibited the ability of the court to function in its judicial capacity," *Arunachalam*, 2021 WL 3673733, at *11. Although Plaintiff claims in his reply that "[t]he entire proceeding was a fraud upon the court and must be reversed," he fails to provide any evidentiary support for this accusation (nor is it clear to the Court that Plaintiff is referring to this matter and not the state court foreclosure process as the relevant "proceeding" that involved "fraud upon the court").[3] ECF No.

---

[3] In reply, Plaintiff also argues that the Government's opposition brief contains statements that are "false, malicious, and constitute fraud upon the court." ECF No. 23 at 1. Plaintiff fails to support this reference to "fraud upon the court" with any evidence. Rather, it seems as though Plaintiff uses the term to express his disagreement with the Government's argument that Plaintiff fails to properly support his motion. *Id.* (stating that Plaintiff has made detailed claims and "supported those claims with verified evidence"). Regardless, in order to "set aside a judgment for fraud on the court," RCFC 60(d)(3), the party must demonstrate that fraud occurred in

13

23 at 3. The purported existence of any "fraud between the parties or fraudulent documents, false statements or perjury" is, in any event, inconsequential—RCFC 60(d)(3) is focused on fraud that directly corrupts "the impartial functions of the court." *Dobyns v. United States*, 127 Fed. Cl. 63, 69 (2016) (quoting *Amstar Corp.*, 823 F.2d at 1550). Because Plaintiff fails to establish fraud on the court, there is no basis for vacatur under RCFC 60(d)(3).

    **B.**    **Plaintiff Also Fails to Establish a Basis for Reconsideration under RCFC 59.**

Plaintiff does not cite RCFC 59 in his motion, though he does title it as a Motion to Reopen Case. *See* ECF No. 21. In recognition of the Court's duty to liberally construe pro se filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), the Court also considers whether Plaintiff is entitled to reconsideration under RCFC 59. A court may grant a motion for reconsideration "when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery*, 818 F.3d at 711 (quoting *Young*, 94 Fed. Cl. at 674). Such a motion, however, should only be granted when supported "by a showing of extraordinary circumstances which justify relief." *Caldwell*, 391 F.3d at 1235 (citation omitted). Even liberally construing Plaintiff's motion as seeking reconsideration under RCFC 59, the Court cannot find that Plaintiff is entitled to relief.

The vast majority of Plaintiff's motion expresses nothing more than disagreement with the Court's dismissal opinion, contesting the Court's determination that it lacks jurisdiction over claims against state officials or private parties or claims seeking review of state court proceedings and again reiterating previously presented facts the Court found insufficient to state a cognizable

---

connection with the judgment that the moving party seeks to overturn, not the briefing of the Rule 60 motion itself. *Cf. Hazlehurst for Hazlehurst v. Sec'y of Health & Hum. Servs.*, 177 Fed. Cl. 479, 497 (2025) (noting that "[i]f a court's judgment was not influenced by the [alleged fraud], the judgment should not be set aside" (quoting *Dobyns v. United States*, 127 Fed. Cl. 63, 69 (2016))).

takings claim.[4]  *See, e.g.*, ECF No. 21 at 2 ("This Court dismissed the action believing it lacked jurisdiction—but HUD is physically holding the property, which creates jurisdiction under the Tucker Act."); *id.* at 4–5 (claiming that HUD's receipt of the foreclosed-upon property "[c]ompleted a federal taking" and "[t]riggered Tucker Act jurisdiction"); *id.* at 6 ("HUD holding title = federal taking = jurisdiction. This is exactly what occurred."); *id.* at 6–7 (making arguments as to why the foreclosure was improper).  Such arguments are insufficient when seeking reconsideration under RCFC 59.  *See Matthews*, 73 Fed. Cl. at 525–26.

Plaintiff makes no attempt to present any new evidence, change in law, or clear error to justify reconsideration, *see Biery*, 818 F.3d at 711, and instead appears to simply seek another bite at the apple despite the Court's previous resolution of his claim.  RCFC 59, however, does not "give an unhappy litigant an additional chance to sway the court." *Matthews*, 73 Fed. Cl. at 525 (internal citation and quotation marks omitted).  It requires a showing of "extraordinary circumstances" that are clearly lacking here.  *Caldwell*, 391 F.3d at 1235 (citation omitted). Accordingly, Plaintiff is not entitled to relief under RCFC 59.

---

[4] As noted above, for the reasons discussed in the decision, the Court dismissed Plaintiff's takings claim under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. *See* ECF No. 19 at 7–9.  The Court specifically recognized in the Opinion and Order that it has jurisdiction under the Tucker Act over a claim alleging a taking without just compensation in violation of the Fifth Amendment. *See id.* at 7.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Verified Emergency Motion to Reopen Case, Vacate Judgment, Restore Title, Order Disclosure of Financial Instruments, and Demand Full Restitution (ECF No. 21) is **DENIED**.

**SO ORDERED**.


Dated: January 29, 2026                     */s/ Kathryn C. Davis*
                                            KATHRYN C. DAVIS
                                            Judge